IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY KIRBY,

      Plaintiff,                    No. CIV S-08-0357 MCE DAD P

    vs.

JIM DENNY, et al.,

      Defendants.          <u>ORDER</u>

_____/

        Plaintiff has requested a six-month extension of time to file an amended complaint pursuant to the court's order of April 11, 2008. Good cause appearing, the court will grant plaintiff's request in part. Plaintiff will be granted thirty days leave to file an amended complaint.

        Plaintiff is reminded that Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Plaintiff is also advised that he has an obligation to diligently prosecute this case. If plaintiff no longer wishes to proceed with this

/////

1

1  matter at this time, he should file a request to dismiss this action without prejudice pursuant to
2  Rule 41(a) of the Federal Rules of Civil Procedure.
3           Plaintiff has also requested that the court amend its order denying his request for
4  appointment of counsel. The court has construed plaintiff's request as a second request for
5  appointment of counsel. The United States Supreme Court has ruled that district courts lack
6  authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United
7  States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district
8  court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell
9  v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36
10 (9th Cir. 1990).
11          The test for exceptional circumstances requires the court to evaluate the plaintiff's
12 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
13 light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,
14 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
15 common to most prisoners, such as lack of legal education and limited law library access, do not
16 establish exceptional circumstances that would warrant a request for voluntary assistance of
17 counsel. In the present case, the court does not find the required exceptional circumstances.
18          In accordance with the above, IT IS HEREBY ORDERED that:
19          1. Plaintiff's April 23, 2008 request for an extension of time is granted in part;
20          2. Plaintiff is granted thirty days from the date of this order in which to file an
21 amended complaint; and
22          3. Plaintiff's April 23, 2008 request for appointment of counsel is denied.
23 DATED: April 30, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9:ja
kirb0357.36amc