IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Ricky Kirby, | ) | Civil No. 2:08-00357 DAE-LEK |
|     Plaintiff, | ) | |
|   vs. | ) | |
| J. Zil, M.D., | ) | |
|     Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, GRANTING PLAINTIFF'S REQUESTS FOR EXTENSION OF TIME TO ANSWER QUESTIONNAIRES BY DEFENDANT'S COUNSEL, AND DENYING REQUESTS INCLUDED WITH PLAINTIFF'S SUBMISSION OF MEDICAL RECORDS**

Before the Court are Plaintiff Ricky Kirby's ("Plaintiff"): Motion for Appointment of Counsel, filed December 4, 2008; Plaintiff's two requests for extensions of time to respond to questionnaires from counsel for Defendant J. Zil, M.D. ("Defendant"), filed on February 23, 2009 and March 9, 2009 ("Extension Requests"); and a March 17, 2009 filing which includes his medical records and makes various requests ("Medical Records and Request"). Defendant has not filed an opposition to any of these filings. The Court finds these matters suitable for disposition without a hearing pursuant to Rule 78-230(h) of the Local Rules of the United States District Court, Eastern District of California ("Local Rules"). For the reasons set forth below, Plaintiff's Motion for Appointment of Counsel is HEREBY DENIED, Plaintiff's Extension Requests are HEREBY GRANTED IN PART AND DENIED IN PART, and Plaintiff's Medical Records and Request is

HEREBY DENIED.

**DISCUSSION**

I.  **Appointment of Counsel**

Plaintiff's original Complaint, filed on February 19, 2008, included a request for the appointment of counsel. The only reason Plaintiff gave for his request was "[s]o every issue can be addressed." [Mem. in Supp. of Complaint at 5.] On April 11, 2008, United States Magistrate Judge Dale A. Drozd issued an order dismissing Plaintiff's Complaint with leave to amend and denying Plaintiff's request for the appointment of counsel. Magistrate Judge Drozd noted that district courts do not have the authority to require counsel to represent indigent prisoners in 42 U.S.C. § 1983 actions, but that the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1) under exceptional circumstances. [Order, filed 4/11/08 (dkt. no. 6), at 6 (citing Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990)).] The exceptional circumstances analysis requires the evaluation of the plaintiff's likelihood of success on the merits and his ability to articulate his claims pro se in light of the complexity of the legal issues in the case. [Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.

2

1983)).]  Magistrate Judge Drozd noted that circumstances common to most prisoners, including the lack of a legal education and limited access to a law library, do not constitute exceptional circumstances for purposes of § 1915(e)(1).  Magistrate Judge Drozd therefore found that exceptional circumstances did not exist in this case.

On April 23, 2008, Plaintiff filed a document which, *inter alia*, asked the court to amend the order denying his request for the appointment of counsel.  Plaintiff cited his lack of access to the law library and the fact that he had been on "major medication for the last 8 years."  [Request, filed 4/23/08 (dkt. no. 7), at 1.]  In an order filed on May 1, 2008, Magistrate Judge Drozd construed Plaintiff's request as a second request for the appointment of counsel and denied the request on the same grounds articulated in the April 11, 2008 order.

In the instant Motion for Appointment of Counsel, Plaintiff argues that the Court should appoint counsel because of his medications and the fact that he is a layman who has sought the appointment of counsel from the outset of this case.  This Court construes Plaintiff's Motion for Appointment of Counsel as a motion for reconsideration of Magistrate Judge Drozd's prior orders denying Plaintiff's requests for the appointment of counsel.

A motion for reconsideration must include a statement

of: "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion"; and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 78-230(k)(3), (4). This Court finds that Plaintiff's Motion for Appointment of Counsel does not establish any grounds warranting reconsideration of Magistrate Judge Drozd's prior orders. Plaintiff's Motion for Appointment of Counsel is therefore DENIED.

## II. Extension Requests

On September 4, 2008, Magistrate Judge Drozd issued a Discovery Order which, *inter alia*, stated that all responses to written discovery requests were due forty-five days after service of the request. Plaintiff's February 23, 2009 Extension Request asks for "a continuance of time . . . to answer a questionaire (sic)" from defense counsel. [Extension Request, filed 2/23/09 (dkt. no. 26), at 1.] Plaintiff's March 9, 2009 Extension Request seeks "a 30 day extension on filing (sic) out a questionaire (sic)" from defense counsel. [Extension Request, filed 3/9/09 (dkt. no. 27), at 1.] The questionnaire Plaintiff refers to in the March 9, 2009 Extension Request seeks documents supporting Plaintiff's claim. Plaintiff states that he requested medical records from Sutter County Jail and will be sending them

to defense counsel.[1]  It is unclear whether or not the February 23, 2009 Extension Request refers to the same questionnaire.

The Court HEREBY GRANTS Plaintiff's requests for an extension of time to respond to the questionnaires referenced in the Extension Requests.  Plaintiff's response to each questionnaire referenced in the Extension Requests shall be due seventy-five days after the questionnaire was served.

To the extent that the Extension Requests reiterate that Plaintiff is seeking the appointment of counsel, the Extension Requests are HEREBY DENIED for the reasons set forth above.

The February 23, 2009 Extension Request states that Plaintiff has a temporary address and he asks the Court to notify defense counsel to send the questionnaire to the temporary address.  The Court reminds Plaintiff that, as a party appearing pro se, it is his obligation to keep the Clerk of the Court and the opposing parties advised as to his current address.  See Local Rule 83-183(b).  The Court cautions Plaintiff that, if mail sent to him by the Clerk "is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to

---

[1] It appears that Plaintiff may have already responded to Defendant's questionnaire, insofar as he has sent his medical records to defense counsel on March 10, 2009.  [Medical Records and Request, filed 3/17/09 (dkt. no. 28), at 1.]

5

prosecute." Id.

III. **March 17, 2009 Filing**

On March 17, 2009, Plaintiff filed a document with his medical records attached. He asks that Defendant's motion for summary judgment be denied based on these records. [Medical Records and Request at 1.] Defendant, however, has not filed a motion for summary judgment.

Plaintiff also argues that his medical records prove that he was injured as a result of Defendant's actions and that Defendant violated his constitutional rights. To the extent that Plaintiff appears to be arguing the ultimate merits of his claims, Plaintiff should raise such arguments in a motion for summary judgment. This Court directs Plaintiff to Federal Rule of Civil Procedure 56 and Local Rule 56-260 regarding motions for summary judgment.

Plaintiff also states that he "continue[s] to ask the court for leniency for the delays on getting questionares (sic) to Defendants attorney and to the courts." [Medical Records and Request at 2.] Plaintiff, however, does not identify any particular discovery request that he seeks an extension of time to respond to. To the extent that Plaintiff appears to request extensions for all discovery requests, Plaintiff's request is DENIED. The Court will consider requests for extensions of time to respond to particular discovery requests on a case-by-case

basis.

Finally, to the extent that the Medical Records and Request reiterates that Plaintiff is seeking the appointment of counsel, the Medical Records and Request is HEREBY DENIED for the reasons set forth above.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for Appointment of Counsel, filed December 4, 2008, is HEREBY DENIED, and Plaintiff's Extension Requests, filed February 23, 2009 and March 9, 2009, are HEREBY GRANTED IN PART AND DENIED IN PART. The Extension Requests are GRANTED insofar as Plaintiff's responses to the questionnaires referenced in the Extension Requests shall be due seventy-five days after they were served. The Extension Requests are DENIED in all other respects. Plaintiff's Medical Records and Request, filed March 17, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 23, 2009.

                                          /s/ Leslie E. Kobayashi
                                          Leslie E. Kobayashi
                                          United States Magistrate Judge