# MINUTES

CASE NUMBER:          2:08-CV-00357DAE-LEK(PC)

CASE NAME:            Ricky Kirby vs. J. Zil, M.D.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

---

JUDGE:     Leslie E. Kobayashi        REPORTER:

DATE:     09/08/2009        TIME:

---

COURT ACTION:   EO: ORDER REGARDING PLAINTIFF'S MOTION TO DISMISS

       Plaintiff Ricky Kirby ("Plaintiff") filed the instant action on February 19, 2009 against Defendant Dr. Zill ("Defendant"). This matter was dismissed on April 11, 2009 but Plaintiff was granted thirty days to file an amended complaint. On April 24, 2009, Plaintiff requested and received leave for a six-month extension of time to file, and subsequently filed his amended complaint on May 27, 2009.

       On May 11, 2009, this Court issued the Discovery Order and Scheduling Order which set forth the various deadlines in the instant action. Defendant filed his motion for summary judgment on June 12, 2009. Plaintiff did not file an opposition. The motion for summary was then taken under advisement by this Court on July 21, 2009. However, before a ruling could be issued on the motion for summary judgment, Plaintiff filed his motion to dismiss on July 30, 2009 ("Motion to Dismiss"). The Motion to Dismiss was followed by Plaintiff filing a motion to appoint counsel on August 3, 2009. In response to the Motion to Dismiss, Defendant filed his statement on August 4, 2009 that he did not oppose dismissal of this action. Based upon the contradiction between Plaintiff's filings on July 30, 2009, in which he sought leave to dismiss his lawsuit, and on August 3, 2009, in which he again sought appointment of counsel, this Court issued its Order on August 6, 2009 and instructed Plaintiff to file a notice by no later than August 26, 2009 as to whether Plaintiff intends to proceed with his Motion to Dismiss.

       On September 4, 2009, Plaintiff filed his letter dated August 17, 2009 in which he states, among other things, the following:

          1. Because I'm on severe medications I'm feared of the Courts. That was the reason for the request to dismiss.

  2. Do I want one? <u>No!</u> Dr. Zill has asked for a trial last year.
I said yes....

[Letter filed September 4, 2009 at 1 (emphasis in original).] This Court construes Plaintiff's submission as his notice that he does not intend to proceed with the Motion to Dismiss.

  Plaintiff, however, filed his submission on September 4, 2009, which is nine days after his deadline to file his notice of intention as to the Motion to Dismiss. Plaintiff is therefore untimely.

  This Court recognizes that Plaintiff is proceeding pro se and represents himself without the assistance of an attorney. Therefore, in the interest of justice, this Court will permit Plaintiff's submission to serve as his withdrawal of the Motion to Dismiss, and directs the Clerk of the Court to enter a withdrawal of that motion.

  Although pro se litigants are held to less stringent standards than those of their legal counterparts, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam); <u>Jackson v. Carey</u>, 353 F.3d 750, 757 (9th Cir. 2003), a litigant's pro se status cannot excuse him from complying with the procedural or substantive rules of the court. <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); <u>see also</u> <u>United States v. Bell</u>, 27 F. Supp. 2d 1191, 1197 (E.D. Cal. 1998). Accordingly, Plaintiff is warned, in no uncertain terms, that any continued failure to comply with deadlines and the rules of court may result in the imposition of sanctions, including dismissal of Plaintiff's lawsuit. <u>See</u> Fed. R. Civ. P. 11.

  IT IS SO ORDERED.


Submitted by: Warren N. Nakamura, Courtroom Manager