```
                IN THE UNITED STATES DISTRICT COURT

            FOR THE EASTERN DISTRICT OF CALIFORNIA

Ricky Kirby,                    )   Civil No. 2:08-00357 DAE-LEK
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
J. Zil, M.D.,                   )
                                )
          Defendant.            )
_____ )
```

### FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court, pursuant to a designation by United States District Judge David Alan Ezra, is the Motion for Summary Judgment ("Motion"), filed by Defendant John S. Zil, M.D.[1] ("Defendant") on June 12, 2009.  Plaintiff Ricky Kirby ("Plaintiff") did not respond to the Motion.  On July 13, 2009, Defendant filed a declaration of counsel in lieu of a reply.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 78-230(h) of the Local Rules of the United States District Court, Eastern District of California. After careful consideration of the Motion, supporting documents, and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Defendant's Motion be GRANTED for the reasons set forth below.

---

[1] Plaintiff Ricky Kirby erroneously sued Defendant under the name "Doctor Zill".

**BACKGROUND**

On February 19, 2009, Plaintiff, a prisoner in Susanville, California, filed the instant action pursuant to 42 U.S.C. § 1983.  Plaintiff's Amended Complaint, filed on May 27, 2008, alleges that Defendant violated Plaintiff's rights under the Eighth Amendment to the United States Constitution because he was deliberately indifferent to Plaintiff's serious medical needs.  Plaintiff alleges that Defendant deprived him of "LIFE SUSTAINING PSYCHIATRIC MEDICATION".  [Amended Complaint, General Allegations at ¶ 1 (emphasis in original).]  According to Plaintiff, his personal physician prescribed him Wellbutrin XL, 300 milligrams, and Plaintiff had been taking it for a number of years with positive results.  He states that, in March 2006, his attorney at the time was provided with the prescription, and the presiding judge assured him that the Sutter County Jail received the prescription.  Plaintiff alleges that Defendant intentionally interrupted the prescribed course of treatment and denied him an effective course of treatment.  He further alleges that Defendant's actions and omissions were malicious and in reckless disregard of Plaintiff's proper medical care, and did not serve any legitimate correctional interest.  Plaintiff claims that he was injured as a result of Defendant's actions because he suffered painful withdrawal symptoms and severe mental distress.  He alleges that Defendant was aware that it was dangerous to

force a patient on such a high does of Wellbutrin to discontinue the medication completely.  [Id. at ¶¶ 4-5.]

In the instant Motion, Defendant states that he is a psychiatrist and, during the period at issue in this case, he provided psychiatric services under contract with the County of Sutter to individuals in the County jail, including Plaintiff. [Motion, Decl. of John S. Zil, M.D. in Supp. of Motion for Summary Judgment ("Zil Decl.") at ¶¶ 1, 5.]  Defendant's declaration sets forth his extensive professional qualifications. [Id. at ¶¶ 1-4.]  Defendant first saw Plaintiff in September 1994 when Plaintiff was being held after slashing his wrist. Plaintiff had a history of amphetamine and marijuana abuse and mood disorder.  Plaintiff also reported that he had a history of seizures and that he was taking medication for the seizures. Defendant prescribed Mellaril, a major tranquilizer with mood stabilizing properties.  Defendant again prescribed Mellaril on October 27, 1994, but Plaintiff refused the Mellaril and was becoming increasingly agitated.  [Id. at ¶¶ 7-9.]

Defendant states that from 2005 to 2007 there were periods when Plaintiff was prescribed Wellbutrin extended release.  Plaintiff was incarcerated on July 13, 2005 and he requested that the County obtain his records from his general practitioner to confirm a diagnosis of attention deficit hyperactivity disorder ("ADHD").  In the interim, Plaintiff

3

signed a consent form which noted that he was aware of Wellbutrin's risks, including seizures.  During this period, no records were produced to support Plaintiff's claim that he had ADHD.  Defendant states that Plaintiff's "behavior deteriorated, as may happen with Wellbutrin."  [Id. at ¶ 11.]

On October 9, 2005, Plaintiff was acting in an obscene and harassing manner to the healthcare staff, including Defendant.  [Id. at ¶ 12.]  Defendant concluded that Wellbutrin "was not helpful to [Plaintiff] and may have been exacerbating his amphetamine-like symptoms including mood instability."  [Id. at ¶ 13.]  He also concluded that even low doses of Wellbutrin presented continuing risks to Plaintiff because of his seizure disorder.  Defendant therefore discontinued Wellbutrin on October 16, 2005.  Plaintiff signed a consent to change his medication to Abilify, another type of mood stabilizer.  [Id.] Defendant states that "[t]he US. [sic] Food and Drug Administration (FDA) as well as literature review by the Drug Information Center at the University of Illinois have found no evidence of adverse effects from stopping Wellbutrin without a taper at the dosage [Plaintiff] was taking."  [Id. at ¶ 10.] When Defendant saw Plaintiff on March 19, 2006, Plaintiff refused Defendant's "repeated suggestions of mood stabilizers."  [Id. at ¶ 14.]  When Defendant last saw Plaintiff on October 6, 2007, Plaintiff refused all of Defendant's suggestions for psychiatric

4

medications.  [Id. at ¶ 15.]

        Defendant states:

> 16.  Wellbutrin is chemically closely related to amphetamines and may produce similar effects as amphetamines.  For this reason, Wellbutrin is often sought out by drug users as an amphetamine substitute, but it is not as effective as a number of other medications for mood stabilization, many of which [Defendant] unsuccessfully recommended to [Plaintiff].
> 17   As of mid-2008, Wellbutrin was eliminated from the [California Department of Corrections and Rehabilitation's] formulary.  This was a means of reducing the number of inappropriate prescriptions resulting in part from inmates demanding amphetamine-related medication.

[Id. at ¶¶ 16-17.]  Defendant also states that Wellbutrin is contraindicated for patients with histories of seizures, anger problems, and amphetamine use.  Defendant questioned Plaintiff's request for Wellbutrin because Plaintiff had all of those histories.  Defendant suggested a number of other medications for Plaintiff's symptoms, but Plaintiff refused.  Plaintiff insisted that Wellbutrin was effective for him and that he knew what was best.  Defendant states that, in his professional opinion, Wellbutrin was contraindicated for Plaintiff and seemed to be exacerbating, rather than relieving, Plaintiff's symptoms.  [Id. at ¶¶ 18-19.]

        In the Motion, Defendant notes that he served Plaintiff with requests for admissions on September 15, 2008.  [Exh. A to Decl. of Martha M. Stringer in Supp. of Motion for Summary Judgment ("Stringer Decl.").]  Plaintiff's responses were due on

5

October 30, 2008, but Defendant's counsel did not receive Plaintiff's response until March 12, 2009.  [Exh. B to Stringer Decl.]  He did not request an extension from Defendant, and Defendant states that this Court denied Plaintiff's request for an extension of time to respond to the requests for admissions.  Defendant therefore argues that the requests have been deemed admitted.  Plaintiff's admissions include: Defendant was not deliberately indifferent to Plaintiff's medical needs; Defendant did not violate Plaintiff's rights under the Eighth Amendment; Defendant did not violate any of Plaintiff's constitutional rights; and Plaintiff suffered no injuries as a result of Defendant's actions or inactions.  [Exh. A to Stringer Decl.]  Defendant therefore argues that he is entitled to summary judgment.

   Defendant also argues Plaintiff cannot prove that the treatment prescribed by Defendant was medically unacceptable under the circumstances and that Defendant chose that treatment in conscious disregard of an excessive risk to Plaintiff's health.  Defendant's discontinuation of the medication that Plaintiff preferred cannot constitute deliberate indifference as a matter of law because: Defendant concluded in his medical opinion that Wellbutrin was not helpful to Plaintiff; and Defendant substituted another medication to treat Plaintiff's symptoms.  Further, Defendant emphasizes that there is no danger

of discontinuing Wellbutrin without a taper at the doses that Plaintiff was taking.

Plaintiff did not respond to the Motion.  Defendant's declaration of counsel in lieu of a reply notes Plaintiff's failure to respond and states that Defendant therefore will not file a reply.

## **STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. " Fed. R. Civ. P. 56(c)(2).  The moving party bears the initial burden of establishing that there is no genuine issue of material fact.  See MetroPCS, Inc. v. City & County of San Francisco, 400 F.3d 715, 720 (9th Cir. 2005).  There is no genuine issue of material fact if, based on the record as a whole, a rational trier of fact could not find for the non-moving party.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "A material fact is one that may affect the decision, so that the finding of that fact is relevant and necessary to the proceedings."  W. Sunview Props., LLC v. Federman, 338 F. Supp. 2d 1106, 1114 (D. Haw. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

If the moving party meets its burden, the non-moving

7

party must then present evidence that there is a genuine issue of material fact for trial.  In considering a motion for summary judgment, a court must resolve all disputed issues of fact in favor of the non-moving party.  See MetroPCS, 400 F.3d at 720.  Further, "[i]n ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law." W. Sunview, 338 F. Supp. 2d at 1114 (citation omitted).  "[S]ummary judgment is mandated if the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'"  Broussard v. Univ. of Cal. at Berkeley, 192 F.3d 1252, 1258 (9th Cir. 1999) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

### DISCUSSION

In the instant case, Plaintiff alleges that Defendant violated his Eighth Amendment rights because Defendant refused to continue Plaintiff's prescription for Wellbutrin in deliberate indifference to Plaintiff's serious medical illness.

### I.   Defendant's Request for Admissions

Defendant argues that all of his requests for admissions are deemed admitted because Plaintiff failed to respond in a timely manner.  Defendant served the request on September 15, 2008, but Defendant's counsel did not receive

Plaintiff's response until March 12, 2009.  Plaintiff did not request an extension from Defendant, and Defendant asserts that this Court refused to grant him one.  Thus, Defendant argues that he is entitled to summary judgment because Plaintiff has admitted that he suffered no injury and that there was no violation of his constitutional rights.  This Court disagrees.

On February 23, 2009 and March 9, 2009, Plaintiff filed requests for extensions of time to respond to "questionnaires" from Defendant's counsel ("Extension Requests").  On March 24, 2009, this Court issued an order which, *inter alia*, granted Plaintiffs' extension requests ("Extension Order").  This Court noted that the March 9, 2009 Extension Request referred to a request for documents supporting Plaintiff's case.  The Court, however, also noted that it was unclear whether the February 23, 2009 Extension Request referred to the same questionnaire.  The Court granted Plaintiff's Extension Requests as to all questionnaires referenced therein, giving Plaintiff seventy-five days after service of the questionnaires to respond.

In light of Plaintiff's pro se status, this Court will interpret the Extension Requests broadly to include the request for admissions at issue in the instant Motion.  The extension of the response deadline to seventy-five days after service would not have assisted Plaintiff because the request for admissions was served on September 15, 2008.  However, by the time this

9

Court issued the Extension Order, Plaintiff had already served his response to the request for admissions.  The Court will therefore interpret the Extension Order broadly and will deem Plaintiff's response to Defendant's request for admissions timely.  The Court will decide Defendant's Motion based on the merits of Plaintiff's claim.

## II.  **Deliberate Indifference**

"Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment."  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).  "The requirement of deliberate indifference is less stringent in cases involving a prisoner's medical needs than in other cases involving harm to incarcerated individuals because '[t]he State's responsibility to provide inmates with medical care ordinarily does not conflict with competing administrative concerns.'"  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) (quoting Hudson v. McMillian, 503 U.S. 1, 6, 112 S. Ct. 995, 998 (1992)) (alteration in original), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).  "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

10

McGuckin, 974 F.2d at 1059 (quoting Gamble, 429 U.S. at 104, 97 S. Ct. at 291).

Plaintiff asserts that Defendant was deliberately indifferent to his serious medical needs when Defendant refused to continue Plaintiff's Wellbutrin, which had previously been prescribed by another doctor. Defendant's undisputed declaration establishes that he determined, in his professional opinion, that Wellbutrin was not helpful to Plaintiff and may have actually exacerbated Plaintiff's symptoms rather than alleviating them. Further, Defendant determined that Wellbutrin was contraindicated for Plaintiff because of his prior history of amphetamine abuse and his history of seizures. There is, at a most, a difference of opinion between the doctor who prescribed Wellbutrin to Plaintiff and Defendant, who discontinued Wellbutrin and prescribed Abilify. Plaintiff alleges that the complete discontinuation of Wellbutrin caused him to experience painful withdrawal symptoms and severe mental anguish.

A difference of opinion between doctors about the appropriate treatment generally does not constitute deliberate indifference to serious medical needs. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Similarly, a difference of opinion between a doctor and a prisoner about the appropriate treatment generally does not constitute deliberate indifference. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). In

11

order to prove that Defendant's choice between two alternative treatments constituted deliberate indifference, Plaintiff must prove that "the course of treatment [Defendant] chose was medically unacceptable under the circumstances, and . . . that [Defendant] chose this course in conscious disregard of an excessive risk to [P]laintiff's health."  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted).

On October 16, 2005, Defendant changed Plaintiff's medication from Wellbutrin to Abilify, another mood stabilizer. Although Plaintiff consented to the change, he apparently later refused to take the Abilify.  Approximately five months after the change, Defendant suggested other mood stabilizing medications, but Plaintiff refused.  [Zil Decl. at ¶¶ 13-14.]  Defendant's undisputed testimony is that drug users often seek Wellbutrin because it is chemically closely related to amphetamines and may produce similar effects.  Further, Wellbutrin is not as effective for mood stabilization as other medications, many of which Defendant recommended to Plaintiff, but which Plaintiff refused. [Id. at ¶ 16.]  Defendant also states that the FDA has found no evidence of adverse effects of stopping Wellbutrin at the dose Plaintiff was taking without tapering off the dose.  [Id. at ¶ 10.]

Viewing the record in the light most favorable to Plaintiff, this Court FINDS that Plaintiff has failed to raise a

genuine issue of material fact.  Plaintiff has failed to prove that Defendant's decision to discontinue Wellbutrin and prescribe other medication was medically unacceptable under the circumstances.  Plaintiff has also failed to establish that Defendant made this decision in conscious disregard of an excessive risk to Plaintiff's health.  This Court therefore CONCLUDES that Defendant was not deliberately indifferent to Plaintiff's serious medical needs.  Plaintiff cannot carry his burden of proving that Defendant violated his constitutional right to be free from cruel and unusual punishment.  Defendant is therefore entitled to summary judgment.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Defendant's Motion for Summary Judgment, filed June 12, 2009, be GRANTED.  Any objections to these Findings and Recommendation must be filed by no later than **Thursday, February 11, 2010**.  Any response to the objections must be filed by no later than **Thursday, February 25, 2010**.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, January 21, 2010.

　　　　　　　　　　　　　　　　　　　 /S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge